SCHOTT, Judge.
Appellant is the divorced wife of Robert H. Perkins. She appeals from a judgment in favor of Colonial Bank authorizing it to seize the property at 4302 South Roman Street in New Orleans which belonged to the Perkins’ former community. The sole issue is whether the debt incurred by Robert H. Perkins as endorser on a note his corporation gave to Colonial was incurred when the note was executed so as to make the obligation a community one or arose after the corporation defaulted and the bank made demand on Perkins when the community had been dissolved so as to make the obligation a separate one for Perkins.
On June 26, 1984 Perkins & Partners Arehitects-Planners, a corporation of which Robert H. Perkins was president, borrowed money from Colonial Bank and executed a demand note for $450,000.00. Mr. Perkins endorsed the note in his individual capacity. At this time appellant and Mr. Perkins were married to and residing with each other under a community property regime. The Perkins were divorced in November, 1985 and the community between them was effectively dissolved on March 12, 1985.
On November, 6, 1986 Colonial filed suit on the note against the corporation and Mr. Perkins and took a judgment against him. On January 23, 1987 Colonial provoked a hearing against appellant to show cause why it should not be authorized to seize the Roman Street property. The trial court rendered judgment in favor of Colonial.
An obligation incurred by a spouse during the existence of the community for the common interest of the spouses is a community obligation, LSA-C.C. art. 2360; and with certain exceptions not applicable here, all obligations incurred by a spouse during the existence of the community are presumed to be community obligations. C.C. art. 2361. An obligation incurred by a spouse during the community property regime may be satisfied after the community’s termination from the property of the former community; C.C. art. 2357.
The trial court found that Mr. Perkins obligation was incurred when he signed the note during the community and thus concluded that Colonial could seize the Roman Street Property which belonged to the former community to satisfy the obligation. Appellant contends that Mr. Perkins’ obligation to Colonial did not arise until Colonial proceeded against him as endorser after the community was terminated and the Roman Street property could not be seized to satisfy this obligation. Appellant contends that Colonial’s cause of action against Mr. *108 Perkins did not accrue under R.S. 10:3-122(3) until dishonor of the instrument by the maker, the corporation, and notice of dishonor was given to Perkins as endorser on the instrument. However, this argument overlooks the following provision on the reverse side of the note which Mr. Perkins’ signature follows:
The undersigned hereby jointly, severally and in solido unconditionally guarantee to COLONIAL BANK, it successors, assigns, transferees and endorsers, the punctual payment of the note on the reverse hereof and of each extension and renewal thereof, at maturity or when the same shall otherwise become due in accordance with the provisions thereof, and having taken cognizance of all the terms, conditions, waivers and agreements of the said note, hereby agree that all such terms, conditions, waivers and agreements shall be binding upon the undersigned, and each of them, the undersigned hereby waiving presentment for payment, demand, protest and notice of protest and non-payment, and also all pleas of division and discussion, and agreeing that the liability of the undersigned is and shall be joint, several and in solido with each other and with the maker or makers of the said note.
The effect of Mr. Perkins’ endorsement under these conditions was to make his liability indistinguishable from that of a co-maker. R.S. 10:3-416 and Uniform Commercial Code Comment thereto. A cause of action against a maker accrues in the case of a demand instrument upon its date. R.S. 10:3-122(l)(b). Thus, by his contract and under applicable law Mr. Perkins incurred the obligation when he signed the note. Since the community was then in existence this is a community obligation and it may be satisfied from the Roman Street property which belonged to the community.
The judgment appealed from is affirmed.
AFFIRMED.